# Large's Appeal.

1. A testator devised his real estate to his wife for life, remainder to two
devisees in fee. The widow petitioned the Orphans' Court, that the land
might be sold under the Act of April 3d 1851, § 1. The devisees (one, a
minor by his guardian) requested that the sale be made and the land was
sold. *Held,* that the sale converted the land into personalty.

2. The proceeds retained the character of land during the widow's life for
the purposes of the will, but for no other purpose, but on her death were to
be distributed as money.

3. Ever after conversion it would descend as money, although for other
purposes it was realty.

4. Where a conversion of land into money has taken place for a specific
purpose, after the purpose has been subserved the proceeds descend as money.

5. Whether the Court, under the Act of 1851, could decree the sale of an
adult's land, not decided, but he having assented to it is estopped.

February 26th 1867. Before WOODWARD, C. J., THOMPSON,
STRONG, READ and AGNEW, JJ.

Appeal from the decree of the Orphans' Court of *Philadelphia,*
in the matter of the distribution of the estate of Jacob Large,
deceased.

Abraham Ketler died in October 1852 without issue, but leav-
ing a widow, Catharine. By his will he gave all his estate, real
and personal, to his wife for life, and after her death, " I direct
and appoint all my said estate, real and personal, to be divided
into two equal shares, as nearly as may be, and one equal purpart
and share thereof, I give, devise and bequeath to Jacob Large,
son of Jesse Large, and to his heirs and assigns to and for his
and their only proper use and behoof for ever.

" Item. I give, devise and bequeath the other purpart or share
of my said estate, to Charles Large, son of Jesse Large, and to
his heirs and assigns to and for his and their only proper use and
benefit for ever."

Charles Large died before the testator, leaving a minor child,
Charles A. Large, of whom Abraham Martin was guardian.

On the 15th of April 1853 Catharine Ketler, the widow of the
testator, applied to the Orphans' Court, setting forth that the real

[Large's Appeal.]

estate devised, in which she had a life interest, " although of great value, was almost wholly unproductive and out of repair, that it did not yield a sufficient support and maintenance for her," and praying the court to order it to be sold at public sale, agreeably to the provisions of the 2d and 3d clauses of the 1st section of the Act of Assembly of the 3d of April 1851, entitled ' An act relating to Orphans' Courts, &c.' To this petition Jacob Large and Abraham Martin, as guardian of Charles Large, by writing attached, gave their consent.

The court granted the petition, and appointed a trustee to make the sale. The sale was made and confirmed June 3d 1853.

Jacob Large died intestate and without issue December 20th 1856, leaving a widow, Thomasine, and his father, Jésse Large.

In the distribution of the fund arising from the sale of this real estate, $6942.56 were awarded Jacob Large's administrators. Thomasine Large, the widow of Jacob Large, died October 12th 1863, leaving a will, of which John Roberts, Thomas J. Roberts and Daniel R. Harper are the executors, and giving the residue of her estate to her children, Susannah Harper, and the said John and Thomas. The widow of Abraham Ketler died shortly afterwards.

The administrators, &c., of Jacob Large having settled their account, it was referred to William W. Ledyard, Esq., for adjustment and distribution : the question before him was, how the fund arising from the sale of Abraham Ketler's real estate should be distributed.

The claimants were the executors, &c., of Thomasine Large, deceased, who claimed one-half of the fund under her will, alleging that the real estate sold was converted into personalty ; and David K. Large and others, executors of Jesse Large, the father of Jacob Large, who claimed that the money arising from the sale passed to Jacob as real estate ; that his widow took nothing but a life estate in it, and that therefore nothing passed by her will, and they were entitled to the whole of it.

The auditor was of opinion that the sale worked a conversion, and distributed one half the fund to the executors of Thomasine Large, and the other half to the executors of Jesse Large.

On exceptions the Orphans' Court confirmed the report of the auditor. The executors of Jesse Large appealed, and assigned this decree for error.

*B. Woodward*, for appellants, cited Act of April 3d 1851, § 1, Purd. 291, pl. 118, Pamph. L. 305 ; Diller *v.* Young, 2 Yeates 261 ; Grider *v.* McClay, 11 S. & R. 232 ; Commonwealth *v.* Pool, 6 Watts 33 ; Commonwealth *v.* Mateer, 16 S. & R. 420 ; Dyer *v.* Cornell, 4 Barr 362 ; Lloyd *v.* Hart, 2 Id. 473 ; Hart's Appeal, 8 Id. 32 ; Spragg *v.* Shriver, 1 Casey 282 ; Glidden *v.* Strupler, 2 P. F. Smith 405, 406.

[Large's Appeal.]

*W. F. Judson*, for appellee, cited Act of April 3d 1851, *supra;* Minnig *v.* Batdorff, 5 Barr 503; Ross *v.* Drake, 1 Wright 373; Pennell's Appeal, 8 Harris 517; Grider *v.* McClay, 11 S. & R. 224; Carter *v.* Trueman, 7 Barr 324; Dyer *v.* Cornell, 4 Id. 362.

The opinion of the court was delivered, March 31st 1867, by

THOMPSON, J.—Abraham Ketler, deceased, devised all his property, real and personal, to his wife for life, with remainder to the two sons of Jesse Large, viz., Jacob and Charles Large, in fee, equally. The latter died before the testator, leaving issue, one son, Charles Albert Large. The real estate of the testator was valuable, but unproductive, and the widow applied to the Orphans' Court for a sale of it, alleging that the income from it was not sufficient for her maintenance. In this application Jacob Large, being of age, joined, and so also did the guardian of the minor, Charles Albert Large.

The court decreed the sale, directing the investment of the proceeds for the benefit of the widow for life. After this Jacob Large died leaving a widow, but no issue, who also died before the widow of the testator, leaving a will, in which she devised the share of her husband in the estate of Abraham Ketler, deceased, as money, to her sons, John Roberts, Thomas J. Roberts, and to Susannah Harper, her daughter. The sole question now is, whether the interest in her husband in the estate of Abraham Ketler was real or personal after the sale by the Orphans' Court, and vested at his death in her?

The auditor and court below held it was personal, and distributed it to the residuary legatees of the widow of Jacob Large. The Act of the 3d April 1851, § 1, clause ii., Bright. Dig. 292, 9th ed., relieves all doubt on that subject. It provides for the sale of the realty, whether held by will or otherwise, when there is a minor or minors, and for the investment of the proceeds of sale for the benefit of the tenant for life, and when that estate is determined, it directs that the principal sum " shall be paid by the trustee of the fund to the person or persons entitled to the same." This act recognises what is to be found in many cases preceding its passage, that where a conversion has taken place of land into money for a specific purpose, after the purpose has been subserved, the proceeds descend as money, and not land : Grider *v.* McClay, 11 S. & R. 224; Dyer *v.* Cornell, 4 Barr 359; Carter *v.* Trueman, 7 Id. 315; Pennel's Appeal, 8 Harris 515; Ross *v.* Drake, 1 Wright 373. Treating the order of the Orphans' Court as right, in decreeing the sale of Jacob Large's share in the land, who was of full age as well as the minors, there being no objection to it; the remainder having thus vested in him on the death of the testator, it remained unchanged in its original

4 P. F. SMITH—25

character during the life of testator's widow for the purposes of the will, but for no other, and when he died it vested in his legal representatives in the character of land for the same purposes, but on the death of the tenant for life it was to be distributed as money. Ever after conversion it was liable to descend as money, although, for other purposes, it was to be regarded as realty. This is strongly asserted in the cases of Carter *v.* Trueman, 7 Barr, and in Dyer *v.* Connell, 8 Harris, *supra,* and needs no further argument to prove it. We do not decide that the Orphans' Court, under the act, could decree a sale of the property of an adult *sui juris,* but as Jacob Large's activity in promoting and assenting to the sale would estop him from ever contesting it, we here choose to treat it as regular. The moment he died it vested in the widow in the character in which he would have taken it when the life estate should determine if he had lived, namely, as money. We discover nothing else which requires special notice, and for the reasons given,

The decree of the Orphans' Court is affirmed at the costs of the appellant.